UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

―――――――――――――――――――――X
BASF CORPORATION,

              Plaintiff,

v.

ROCKY'S COLLISION CENTER, INC.

              Defendant.
―――――――――――――――――――――X

Civil Action No. _____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff BASF Corporation ("BASF"), by and through undersigned counsel, as and for its Complaint against defendant Rocky's Collision Center, Inc. ("Defendant"), alleges as follows:

## THE PARTIES

1. At all times material to this complaint, BASF was a citizen of the States of Delaware and New Jersey. BASF is incorporated under the laws of the State of Delaware and has its principal place of business in the State of New Jersey.

2. At all times material to this complaint, Defendant was a Florida corporation with its principal place of business and mailing address in the State of Florida at 450 West Herman Street, Pensacola, Florida 32505.

3. Defendant's registered agent on file with the Florida Division of Corporations is Rock R. Bazinet Jr., located at 11147 Bridge Creek Drive, Pensacola, Florida 32506.

4. BASF is in the business of selling aftermarket paints, refinishes, coating, primers, thinners and reducers as well as other related products and materials for the reconditioning, refinishing and repainting of automobiles, trucks, and other vehicles (collectively, "Refinish Products"). BASF resells the Refinish Products to distributors that in turn sell the Refinish Products to automotive body shops that are in the business of reconditioning, refinishing, and repainting of automobiles, trucks, and other vehicles.

5. Defendant is a body shop engaged in the business of reconditioning, refinishing and repainting automobiles, trucks, and other vehicles.

## JURISDICTION AND VENUE

6. The jurisdiction of this Court over the subject matter of this action is predicated on 28 U.S.C. § 1332. The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and complete diversity exists between the parties, as BASF is a citizen of the States of Delaware and New Jersey and Defendant is a citizen of the State of Florida. Defendant is subject to the jurisdiction of this Court because, among other things, a substantial part of the events giving rise to this claim occurred in Florida.

7. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391, in that a substantial part of the events or omissions giving rise to the claims asserted herein occurred in the District and Defendant are subject to the personal jurisdiction in this District.

8. New Jersey substantive law governs BASF's claims per Paragraph 6 of the Requirements Agreement.

## GENERAL ALLEGATIONS

### *The Terms of the Requirements Agreement*

9. Effective January 24, 2013, BASF and Defendant entered into a Requirements Agreement, a true and correct copy of which is attached hereto as **Exhibit A** and incorporated herein by reference.

10. Pursuant to Paragraphs 1 and 2 of the Requirements Agreement, Defendant was required to fulfill one hundred percent of its requirements for Refinish Products up to a minimum purchase requirement of $557,000.00 ("Minimum Purchases") in the aggregate of BASF Refinish Products, net of all discounts.

11. Pursuant to Paragraph 3 of the Requirements Agreement, BASF paid Defendant $70,000.00 ("New Consideration") in consideration of fulfilling all of its obligations under the Requirements Agreement. Defendant also agreed to

assume liability for $6,824.00 of unearned consideration that it previously received from BASF pursuant to a May 2009 Agreement ("Previous Consideration").

12. Pursuant to Paragraph 3 of the Requirements Agreement, if the Requirements Agreement was terminated for any reason prior to Defendant purchasing a minimum of $557,000.00 of BASF Refinish Products, Defendant was required to refund the New Consideration and Previous Consideration to BASF (collectively the "Contract Fulfillment Consideration") in accordance with the following schedule:

| Purchases | Contract Fulfillment Consideration Refund |
|---|---|
| Less than 1/5 of Minimum Purchases | 110% |
| Less than 2/5 and greater than 1/5 of Minimum Purchases | 95% |
| Less than 3/5 and greater than 2/5 of Minimum Purchases | 75% |
| Less than 4/5 and greater than 3/5 of Minimum Purchases | 55% |
| Less than 5/5 and greater than 4/5 of Minimum Purchases | 35% |
| After 5/5 of Minimum Purchases | 0% |

### *Defendant's Breach of the Requirements Agreement*

13. In or about October 2017, Defendant breached and terminated the Requirements Agreement by, among other things, closing the business and failing to purchase any further BASF Refinish Products prior to fulfilling its

4

Minimum Purchases requirements in violation of Paragraphs 1 and 2 of the Requirements Agreement.

14. At the time of Defendant's breach and termination of the Requirements Agreement, Defendant's purchases of Refinish Products between signing the Requirements Agreement and the breach totaled only $345,309.00, less than 4/5 and greater than 3/5 of its minimum purchase requirement of $557,000.00 of Refinish Products. A purchase balance of at least $211,691.00 remains due and owing under the terms of the Requirements Agreement. Accordingly, Defendant is required to refund 55% of the Contract Fulfillment Consideration to BASF, totaling $42,253.00.

15. In violation of Paragraph 3 of the Requirements Agreement, Defendant has failed and refused to refund BASF the sum of $42,253.00, which represents 55% of the $76,824.00 in unearned Contract Fulfillment Consideration.

16. BASF has fulfilled its obligations and remains ready, willing, and able to perform all obligations, conditions, and covenants required under the Requirements Agreement.

17. By letter dated February 16, 2018, a true and accurate copy of which is attached hereto as **Exhibit B**, BASF gave Defendant notice that it was in default of its contractual obligations and demanded a refund of the Contract

Fulfillment Consideration.  In addition, BASF notified Defendant that it would seek additional damages that it is entitled to if the matter progressed to litigation.

18.   Defendant has failed to satisfy its obligations under the terms of the Requirements Agreement and to this day have failed to satisfy its obligations.

19.   BASF has retained counsel to represent it in this matter and has obligated itself to pay counsel a reasonable fee for their services.

20.   All conditions precedent to the maintenance of this action have been satisfied, occurred or been waived.

## COUNT I
### Breach of Contract

21.   BASF incorporates by reference the allegations contained in paragraphs 1 – 20 above.

22.   Pursuant to Paragraphs 1 and 2 of the Requirements Agreement, Defendant was required to purchase from BASF one hundred percent of its requirements for Refinish Products up to a Minimum Purchases requirement of $557,000.00 in the aggregate of BASF Refinish Products, net of all discounts.

23.   Despite its obligations under the Requirements Agreement and in breach thereof, Defendant has failed to meet its Minimum Purchases requirements under the Requirements Agreement and failed to pay BASF the amounts due and owing thereunder.

As of the date of the filing of this Complaint, the balance due and owing on Defendant's Minimum Purchases requirement is approximately $211,691.00.

24. As a result of the unjustified breach of the Requirements Agreement by Defendant without legal excuse and, pursuant to Paragraph 3 of the Requirements Agreement, Defendant is obligated to repay to BASF 55% of the Contract Fulfillment Consideration ($76,824.00), which is $42,253.00.

25. As of the date of the filing of this Complaint, Defendant has damaged BASF in the following amounts under the Requirements Agreement:

    a. $42,253.00 for refund of 55% of the Contract Fulfillment Consideration; and

    b. $211,691.00 for the remaining balance of Defendant's Minimum Purchases requirement of $557,000.00.

26. BASF has performed and fulfilled all obligations and conditions required of it under the terms of the Requirements Agreement. Nevertheless, Defendant's breaches of its obligations under the terms of the Requirements Agreement have resulted in damage to BASF in the amount of at least $253,944.00.

**WHEREFORE**, BASF demands judgment against Defendant, awarding an amount to be determined at trial, together with interest thereon,

awarding costs, counsel fees, and litigation expenses, and such other and further relief as the Court may seem just and proper.

## COUNT II
### Unjust Enrichment

27. BASF incorporates by reference the allegations contained inparagraphs 1 – 20 above.

28. Through BASF's business relationship with Defendant, Defendant accepted and received the benefit of the Contract Fulfillment Consideration given to Defendant by BASF.

29. Despite demand for repayment, a balance of $42,253.00 remains unpaid and outstanding to BASF for the Contract Fulfillment Consideration.

30. BASF expected remuneration of the $42,253.00 and Defendant's failure to give remuneration in the amount of $42,253.00 has unjustly enriched Defendant.

31. It would be inequitable and unjust for Defendant to have received the benefit of the Contract Fulfillment Consideration while Defendant has not purchased one hundred percent of its requirements for Refinish Products up to a Minimum Purchases requirement of $557,000.00 of Refinish Products from BASF, per the Requirements Agreement.

32. By reason of the foregoing, Defendant has been unjustly enriched by $42,253.00 for which BASF is entitled to be compensated in full by Defendant, together with interest thereon.

**WHEREFORE**, BASF demands judgment against Defendant, awarding an amount to be determined at trial, but not less than $42,253.00, together with interest thereon, awarding costs, counsel fees, and litigation expenses, and such other and further relief as the Court may seem just and proper.

## COUNT III
### Declaratory Relief

33. BASF incorporates by reference the allegations contained in paragraphs 1 – 20 above.

34. BASF requests a judicial declaration of BASF's and Defendant's respective rights under the Requirements Agreement.

35. An actual dispute and justiciable controversy presently exists between BASF and Defendant concerning their rights and obligations under the Requirements Agreement. Defendant contends that it has not breached the Requirements Agreement. BASF disagrees and contends that the Requirements Agreement is in full force and effect, and that Defendant is in breach of the Requirements Agreement.

36. A judicial declaration is necessary to establish BASF's and Defendant's rights and duties under the Requirements Agreement.

**WHEREFORE**, BASF demands declaratory judgment ruling that the Requirements Agreement is still in full force and effect, awarding costs, counsel fees, and litigation expenses, and such other and further relief as the Court may seem just and proper.

## DEMAND FOR JURY TRIAL

37. Pursuant to Fed. R. Civ. P. 38(b), BASF demands a trial by jury on all counts and as to all issues.

Dated:      March ___, 2022

CARLTON FIELDS, P.A.

By:  */s/ Daniel C. Johnson*
Daniel C. Johnson
Florida Bar No. 522880
200 S. Orange Ave., Suite 1000
Orlando, FL 32801
(407) 849-0300 (telephone)
(407) 648-9099 (facsimile)
djohnson@carltonfields.com (primary)
dcarlucci@carltonfields.com (secondary)

*Attorneys for Plaintiff*